IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS L. PRIER, )
)
        Plaintiff, )
)
v. )   No.  05-1294-WEB
)
FORD MOTOR COMPANY, et al., )
)
        Defendants. )
)

### Memorandum and Order

This matter is before the court on a motion by defendants Ford Motor Company and Automotive Systems Laboratory, Inc. (hereinafter "the defendants") for an intra-district transfer of the action to the U.S. District Court in Topeka, Kansas.  Defendants claim their right to a fair trial will be infringed if the action is tried to a jury in Wichita because of pretrial publicity of the events leading to the lawsuit. Plaintiff objects to an intra-district transfer.

    I.  *Summary of Motion*.

According to the complaint, this action arises out of an automobile accident in Sedgwick County, Kansas, on September 22, 2003. At that time, plaintiff Douglas Prier was on duty as a police officer for the City of Maize, Kansas, and was driving a 2003 Ford Crown Victoria Interceptor leased by the City of Maize when he was allegedly struck in a near-head on collision by an automobile driven by Marjorie J. Weaver.  Materials in the record indicate that Ms. Weaver, who was killed in the crash, was 78 years old and was traveling the wrong direction on highway K-96 at the time of the accident.  Although other drivers

were honking and a Kansas Highway Patrol Trooper was attempting to get her attention with his lights and siren, Ms. Weaver apparently never noticed them and collided with Sgt. Prier's vehicle. Sgt. Prier, a decorated officer with a wife and five children, had received a report of a car going the wrong direction and was attempting to locate the car.

According to plaintiff's complaint, the Crown Victoria's safety restraint system failed to deploy the car's airbag, and plaintiff sustained serious injuries. Plaintiff claims the Crown Victoria and its component parts were in an unreasonably dangerous and defective condition at the time of the accident, and he asserts various product liability claims against various defendants as the alleged designers, manufacturers, or distributors of these items.

Defendants contend the accident garnered much publicity in Wichita and the surrounding area, both on television and in print media. They attach exhibits showing some of the media coverage, including reports that recount plaintiff's plight and his serious injuries, his family circumstances and his prior record in saving a suicidal individual. Defendants point out that the Wichita Eagle newspaper reported on a charitable fund set up to aid the plaintiff and his family, and that donations were solicited and obtained in the Wichita area. Defendants claim the media coverage and public sympathy surrounding plaintiff following the accident will prevent an impartial jury from being chosen in Wichita, and they argue their right to a fair trial requires that the case be transferred to a different location in the district of Kansas. *Citing United States v. Wittig*, 2004 WL 1490409 (D. Kan., June 30, 2004). Defendants recognize that the plaintiff's choice of forum is ordinarily given substantial weight, but they argue this factor is outweighed because the Wichita area has been "permeated with sympathetic publicity," creating a reasonable likelihood of the defendants being deprived of a fair trial. Defendants also say that Maize City Police officers may be

2

witnesses on a key issue at trial because some of them allegedly removed the "restraint control module" from the Crown Victoria after the accident in an attempt to gather data from it. Defendants argue that the jury pool "will comprise members of the very community these officers protect and serve on a daily basis" and thus their partiality will be in question.

II. *Discussion*.

The local rules of this court provide that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." D.Kan.R. 40.2. When considering requests for intra-district transfer, the courts generally look to the same factors relevant to motions for change of venue under 28 U.S.C. § 1404(a). *See Busey v. Bd. of County Commissioners of Shawnee County, Kan.*, 210 F.R.D. 736, 737 (D. Kan. 2002). Section 1404(a) provides in part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under this provision, a district court should consider the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, and all other considerations of a practical nature that make a trial easy, expeditious and economical. *Busey*, 210 F.R.D. at 737 (citations omitted). The burden of proving that the existing forum is inconvenient lies with the moving party. *Id*.

The court recognizes its discretion to order an intra-district transfer where necessary to ensure a party's right to a fair trial. But the court is not persuaded by defendants' claim that pre-trial publicity in the Wichita area will endanger its right to select an impartial jury. Although the defendants have shown that the incident in question was reported in the local media at the time of the accident and shortly thereafter, there is no showing that the coverage was of such a nature or extent that it will likely affect local jurors'

3

ability to be impartial. Most of the coverage cited did little more than recount the circumstances leading to the accident, and it appears to the court at this point that most of these circumstances will likely be uncontested insofar as the issues in this trial are concerned. To the extent the evidence at trial differs from media reports, instructions to the jury will be sufficient to protect against unfair prejudice. (This is especially true here given that the accident occurred nearly three years ago and the matter will not likely be ready for trial in the near future.) Any media coverage pertaining to plaintiff's family situation and work as a police officer, the circumstances of the accident, and the nature and effect of plaintiff's injuries, is unlikely to be prejudicial in the selection of a jury given the passage of time and the fact that any jury selected to hear the case -- whether here or in Topeka -- would likely have to hear evidence about such matters and make a determination based on the evidence presented at trial. For example, plaintiff points out in his response that although his injuries were serious, he returned to work in less than a year after the accident and is still working full time as a City of Maize police officer. To the extent any individual juror may be unable to render a fair and impartial verdict based solely on the evidence at trial and the court's instructions, the court concludes that the ordinary *voir dire* procedures will be sufficient to protect the defendants' right to a fair trial. When these factors are weighed against the plaintiff's choice of Wichita as the forum for the trial and the inconvenience that would result from a transfer, the court concludes that defendants' request for an intra-district transfer should be denied.

    III. *Conclusion*.

    Defendants' Motion for Intra-District Transfer of Case (Doc. 45) is DENIED. IT IS SO ORDERED this  12th   Day of July, 2006, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge